# In the United States Court of Federal Claims

No. 19-1868C
(Filed: January 2, 2020)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

RYAN SAMUEL SMITH,

          *Plaintiff*,

v.

THE UNITED STATES,

          *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiff filed his complaint on December 4, 2019, alleging that "[t]he United States is withholding information in regard to my name and social security number."[1] Compl. ¶ 3. Plaintiff seeks "to subpoena duces tecum [the United States] to retrieve" that information. Compl. ¶ 1, 4. We need not wait for defendant to file a motion to dismiss plaintiff's complaint, because it is clear on the face of the complaint that this court lacks jurisdiction to consider it.

Under the Tucker Act, this court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2018). The Tucker Act does not create a cause of action; instead "plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

Although this court affords *pro se* plaintiffs lenience regarding their filings, a *pro se* plaintiff must still demonstrate that the court has jurisdiction

---

[1] Plaintiff's motion for leave to proceed *in forma pauperis* is granted.

over his claim. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

Plaintiff's only allegation is that the United States is withholding his name and social security number from him. Plaintiff does not seek damages from the United States; rather he wants to retrieve his information. His complaint lacks any indicia of a claim over which this court has jurisdiction. For that reason, his complaint must be dismissed. RCFC 12(h)(3). The Clerk of Court is directed to enter judgment accordingly. No costs.

ERIC G. BRUGGINK
Senior Judge